Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Traci I. Park (SBN 216245)
E-mail: tpark@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071
Tel: 213.236.0600      Fax: 213.236.2700

Attorneys for Defendant
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN BINDER,<br><br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00053<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>[Concurrently filed with Declaration of Traci Park; and Request for Judicial Notice]<br><br>Date Complaint Filed: 12/4/19 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant RAYTHEON COMPANY ("Defendant") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This case is being removed upon grounds of complete diversity of citizenship based on the following:

**I. PROCEDURAL HISTORY**

1. On December 4, 2019, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Allen Binder, an individual v. Raytheon Company, a corporation, and Does 1 through 50, inclusive, Defendants*, and docketed as Case No. 19STCV43567. *See* Declaration of Traci Park ("Park Decl."), filed concurrently herewith, ¶2.

2. The Complaint alleges three causes of action: (1) Discrimination Based on Age in Violation of FEHA; (2) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (3) Wrongful Termination in Violation of Public Policy. (Park Decl., ¶3).

3. On December 6, 2019, copies of the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, [Blank] Voluntary Efficient Litigation Stipulations, ADR Information Packet, and First Amended General Order were served on Defendant. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of these documents are attached to the Park Decl., ¶4, as **Exhibit "A"**

4. On December 27, 2019, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Los Angeles. Pursuant to 28 U.S.C. § 1446(a), a true and correct conformed copy of Defendant's Answer to Plaintiff's Complaint is attached to the Park Decl., ¶5, as **Exhibit "B"**

5. Pursuant to 28 U.S.C. § 1446(a), **Exhibits "A"** and **"B,"** attached to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4817-2058-8462 v1      - 2 -      DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

the concurrently filed Park Declaration constitute all process, pleadings, and orders served upon or by Defendant in this matter. (Park Decl. at ¶6).

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely in that it is filed within thirty (30) days from December 6, 2019, the date Defendant was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

## III. BASIS FOR REMOVAL

7. This Court has original jurisdiction over this civil suit under 28 U.S.C. § 1332(a), and it may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A. Diversity of Citizenship

8. For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9. At the time the Complaint was filed and at the time of this notice, Plaintiff "is, and at all times material to the allegations in this complaint, was a resident of the State of California, County of Los Angeles." (Complaint, ¶2). Thus, Plaintiff was and is a citizen of the State of California.

10. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183-84 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id*. Corporations are not "citizens" of every state in which they do business, or in which they have plants or offices. *Id.* at 1194.

11. At the time the Complaint was filed and at the time of this notice, Defendant RAYTHEON COMPANY was and is a corporation incorporated under the laws of the State of Delaware. (Park Decl., ¶7 and **Exhibit "C"** attached thereto; Request for Judicial Notice filed concurrently herewith). At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for Defendant RAYTHEON COMPANY were and are located in the State of Massachusetts. (Park Decl., ¶7).

12. Defendant RAYTHEON COMPANY is not a citizen of the State in which this action is pending and is a citizen of a different State than Plaintiff. (Park Decl., ¶7).

13. There are no other identified defendants. Defendants designated as DOES 1 through 50 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See*, 28 U.S.C. § 1441(a); *McCabe, supra,* at 1339 (9th Cir. 1987).

## B.   Amount in Controversy

14. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

15. To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.*,

116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

16. Courts routinely find the amount in controversy established in employment discrimination claims just from the face of the Complaint, even where the Complaint does not specify the dollar amount of damages or lists a dollar amount less than the jurisdictional minimum. *See, e.g*., *Granovsky v. Pfizer, Inc.,* 631 F. Supp. 2d 554, 563 (D.N.J. 2009) (finding that complaint alleging employment discrimination, which did not quantify damages but sought damages to compensate for harm to employee's career and reputation, other damages, and attorneys' fees, facially established that it was more likely than not that claimed damages would exceed $75,000); *Beaver v. NPC Intern., Inc.,* 451 F. Supp. 2d 1196, 1198-99 (D. Or. 2006) (finding amount in controversy requirement satisfied where complaint asked for front pay, back pay, non-economic damages, and attorneys' fees); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921-22 (W.D. Tex. 2005) (finding that amount in controversy requirement was satisfied although the complaint did not specify an amount for damages because the nature of the damages sought, including exemplary damages and attorneys' fees, made it facially apparent from plaintiff's complaint that the claims exceeded $75,000).

17. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer*, *supra,* 116 F.3d at 377; *see also*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

18. Here, Plaintiff alleges that he has been working for Defendant for 39 years and that he was wrongfully terminated from his employment on or about

December 6, 2017. (Complaint, ¶5). Plaintiff further alleges in his Complaint that he "has sustained and will continue to sustain economic losses in the form of salary, wages, commissions and/or fringe benefits, which Plaintiff should have received has Defendants, and each of them, continued to employ Plaintiff" and that he has suffered "loss of employment-related opportunities." (Complaint, ¶¶12, 18-19, and Prayer for Relief, ¶¶a, e). Plaintiff also seeks to recover attorney's fees and costs. (Prayer for Relief, ¶f). Finally, Plaintiff seeks damages to compensate him for alleged emotional distress. (Complaint ¶¶11, 20 and Prayer for Relief, ¶b).

### *Past and Future Lost Wages*

19. At the time of Plaintiff's termination, he earned an annual salary of $79,227,20. (Park Decl., ¶8). According to Plaintiff's Complaint, he was wrongfully terminated on or about December 6, 2017. (Complaint, ¶5). Plaintiff claims that he has lost and will continue to loose salary, wages, commissions and other benefits since his termination. (Complaint, ¶¶12, 18-19, and Prayer for Relief, ¶¶a, e). Accordingly, the amount of lost wages, alone, is roughly $160,000., exclusive of any claims Plaintiff makes or may make for lost benefits, raises, bonuses, or other forms of compensation he would have received had he remained employed by Defendant. In addition, given that the trial date has not yet been set, and that it is unknown whether Plaintiff will be unemployed or partially employed until that time, additional lost wages and benefits may accrue.

20. In the event Plaintiff is successful in his claims, he could recover front pay for a period of time into the future. *See*, *Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years from the date of termination).

21. Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, the amount of future wages in controversy in this case would amount to $158,545.40 ($79,227.20 x 2 years). Combined, lost wages as of

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4817-2058-8462 v1

- 6 -

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

December 2017 to current and front wages for two years totals approximately $316,908.80.

### *Non-Economic Damages*

22.     Plaintiff also claims money damages for alleged emotional distress. (Complaint ¶¶11, 20, and Prayer for Relief, ¶b).  *See*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also*, *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

23.     California juries[1] routinely award significant sums for non-economic damages to plaintiffs who allege discrimination and retaliation in employment. (Park Decl. ¶9).  *See Leggins v. Thrifty Payless Inc., DBA Rite Aid* (Los Angeles County Superior Court, 2015 - $2,500,000 awarded in pain and suffering damages to an employee alleging disability and race discrimination (Park Decl. ¶10; **Exhibit "D"**); *Sullivan v. Save Mart Supermarkets* (San Mateo Superior Court, 2017 - $536,000 awarded in economic and other compensatory damages in FMLA and disability discrimination case) (Park Decl. ¶11; **Exhibit "E"**); *Astorga v. Snap-On Logistics Company* (Los Angeles Superior Court, 2017 - $5,000,000 in compensatory damages in disability discrimination, failure to engage, failure to accommodate, and failure to prevent case) (Park Decl. ¶12; **Exhibit "F"**); *Hernandez v. Pacific Bell Telephone Co.* (San Diego Superior Court, 2015 - $1,500,000 in compensatory damages and pain and suffering) (Park Decl. ¶13; **Exhibit "G"**); *Snead v. Chino Valley Unified School Dist.* (San Bernardino Superior Court, 2015 - $550,000 in compensatory damages in disability discrimination, failure to accommodate, and failure to engage case) (Park Decl.

---

[1] Plaintiffs' Complaint demands a trial by jury. (Complaint, caption).

¶14; **Exhibit "H"**); *Pinter-Brown v. Regents of University of California* (Los Angeles County Superior Court, 2018 - $3,000,000 in past and future lost earnings and $10,000,000 in past and future emotional distress damages in age and gender discrimination case) (Park Decl. ¶15; **Exhibit "I"**); *Barkley v. Bank of the West* (Fresno Superior Court 2017 -$1.680,000 in economic and emotional distress damages in age discrimination case) (Park Decl. ¶16; **Exhibit "J"**); and *Nejadian v. County of Los Angeles* (Los Angeles Superior Court 2017 - $293,958 in economic and other compensatory damages in age discrimination and retaliation case) (Park Decl. ¶17; **Exhibit "K"**).

24.     If the jury in Plaintiff's case were to fall on the conservative end and award only $10,000 in non-economic damages, Plaintiff's recovery, including his alleged lost income, would still well-exceed the jurisdictional minimum.

### ***Attorneys' Fees***

25.     Finally, Plaintiff seeks attorneys' fees. (Prayer for Relief, ¶f).  In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Because attorneys' fees are recoverable to the prevailing party under Plaintiff's four statutory claims, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy.  *See*, Cal. Govt. Code § 12965.  Plaintiff's attorneys' fees alone for discovery and the trial of this case will likely exceed $75,000.00.  *See*, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the damages).

28.     There are multiple examples of significant attorneys' fees awards in similar cases. *See e.g., Kamali v. Calif. Dept. of Transportation* (Los Angeles Superior Court, 2012 - $889,280 in attorneys' fees awarded to employee prevailing

on FEHA discrimination, harassment, and retaliation claims) (Park Decl. ¶18; **Exhibit "L"**); *Plikaytis v. Roth* (San Diego County Superior Court, 2009 - $195,893 in attorneys' fees awarded to employee prevailing in case alleging FEHA discrimination, harassment, and retaliation) (Park Decl. ¶19; **Exhibit "M"**).

29.     Oftentimes the attorney's fee awards can exceed the award for damages.  For example, in *Rolfe v. Los Angeles Community College District* (Los Angeles Superior Court 2002), the plaintiffs sued their employer alleging discrimination against them based on their race.  (Park Decl. ¶20; **Exhibit "N"**). Even though the employees were awarded $792,500 in damages for front pay, back pay, general and punitive damages, the anticipated award of attorney fees post-judgment was estimated at $1,200,000.  *Id*.  *See also, Turina v. Pacific Convenience & Fuels L.L.C. et al* (Contra Costa Superior Court 2013), the employee alleged her employment was terminated due to her age. The employee was awarded $323,600 in damages and was awarded $273,746 for attorney fees. (Park Decl. ¶21; **Exhibit "O"**).

30.     Defendant does not concede Plaintiff's claims have any merit, and provide the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, exceeds the $75,000 jurisdictional requirement.  Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

**IV.   VENUE**

31.     Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court.  28 U.S.C. § 1441(a).

**V.   NOTICE TO STATE COURT AND PLAINTIFF**

32.     Promptly after filing this Notice of Removal with this Court, Defendant will give notice to Plaintiff's counsel and file a copy with the Clerk of

the Los Angeles County Superior Court, as required by 28 U.S.C. § 1446(d).

## VI. CONCLUSION

33. Defendant therefore removes the civil action filed in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: January 3, 2020

BURKE, WILLIAMS & SORENSEN, LLP
Charles E. Slyngstad
Traci I. Park

By: /s/ Traci Park
Traci Park
Attorneys for Defendant RAYTHEON COMPANY